```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

**BEST OF EVERYTHING OF SOUTHWEST
FLORIDA, INC.**,
a Florida Corporation,

    Plaintiff,

v.

                      **CIVIL ACTION NO. 2:09-cv-810-FtM-29DNF**

**FASHION JEWELRY PARADISE, LLC**,
a Florida Limited Liability
Company, **REUBEN ROTERMUND**,
Individually, **ULRICH ROTERMUND**,
Individually, **STEPHEN MARKS**,
Individually, **MANJU MARKS**,
Individually, **JUTTA ROTERMUND**,
Individually, **WALTER SLACK**,
Individually, and **VARIOUS JOHN DOES**,
**JANE DOES** and **ABC COMPANIES**,

    Defendants.
_____/


### PLAINTIFF'S MOTION FOR ENTRY OF FINAL ORDER
### AND MEMORANDUM IN SUPPORT

Plaintiff, **BEST OF EVERYTHING OF SOUTHWEST FLORIDA, INC.**, by and through its undersigned counsel, hereby moves this Court for entry of final order in the form submitted to the Court under separate cover, and in support thereof states that the Defendants, **FASHION JEWELRY PARADISE, LLC**, **REUBEN ROTERMUND**, **ULRICH ROTERMUND**, **STEPHEN MARKS**, **MANJU MARKS**, **JUTTA ROTERMUND**, and **WALTER SLACK**, by

and through their legal counsel, have been consulted and do not oppose the granting of this motion. The parties agree that there is a factual, legal and equitable basis for the entry of the relief sought, as set forth in detail in the form of the Order being submitted to the Court under separate cover.

### **PLAINTIFF IS LIKELY TO PREVAIL AT TRIAL**

Plaintiff is likely to prevail at trial. To establish its claim, a plaintiff must show only: (1) ownership of a valid, protectable trademark; and (2) a likelihood of confusion caused by defendants' use of its mark. <u>Dieter v. B & H Indus.</u>, 880 F.2d 322, 326 (11th Cir. 1989). Section 43 of the Lanham Act makes unlawful the use of

> any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact

which is

> likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

15 U.S.C. § 1125(a). Plaintiff is the owner of all right, title, and interest in the marks:

1. BEST OF EVERYTHING

2. BEST OF EVERYTHING and design, Florida Trademark Registration No.: T08000000017

3.   BEST OF EVERYTHING OF SOUTHWEST FLORIDA

4.   SIMPLY THE BEST

5.   SIMPLY THE BEST and design, Florida Trademark Registration No. T07000001577

6.   Yellow/Golden Oval Design Mark

7.   The fonts within Plaintiffs signs, packaging and advertising materials and within the Golden Oval Design Mark

8.   Oval sign with rose design

9.   Plaintiff's trade dress rights, including without limitation the overall look and impression of Plaintiff's retail stores, the specially patterned carpet of Plaintiff used in Plaintiff's locations, specially colored and textured fabric covering display tables, color schemes and specially designed decor, customer convenience items, packaging, advertising, marketing materials, and a number of related features,

(hereinafter collectively referred to as "Plaintiff's Marks"), for retail store services, jewelry, and related goods and services.

In addition to Plaintiff's case for trademark infringement, Plaintiff has also set forth a case for unfair competition.  The test for unfair competition under Section

43(a) of the Lanham Act is the same as for trademark infringement under Section 32(1).  *See* <u>Caterpillar, Inc. v. Nationwide Equip.</u>, 877 F. Supp. 611, 614 (M.D. Fla. 1994).[1]

Plaintiff need only show a likelihood of confusion. <u>John H. Harland Co. v. Clarke Checks, Inc.</u>, 711 F.2d 966, 978 (11th Cir. 1983).  Here, Plaintiff is able to establish all required elements, and therefore is likely to succeed on the merits of its claim, entitling Plaintiff to an entry of a final order in the form submitted under separate cover.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff requests that the Court grant this motion and enter the final order submitted under separate cover.  Upon entry of the final order, the Clerk may be directed to terminate all previously scheduled deadlines and any pending motions and close the file.

---

[1] Plaintiff's trademark infringement and unfair competition claims are guided by the same analysis. <u>Contemporary Rest. Concepts Ltd. v. Las Tapas-Jacksonville, Inc.</u>, 753 F. Supp. 1560, 1562 (M.D. Fla. 1991).  Consequently, these claims are not discussed separately.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

A true and correct copy of the proposed final order was submitted to Defendants' counsel Edward Livingston. The Defendants have communicated their consent to the entry of same by this Court.

Respectfully submitted,

/s/JENNIFER L. WHITELAW
JENNIFER L. WHITELAW
WHITELAW LEGAL GROUP
Trial Counsel for Plaintiff
**BEST OF EVERYTHING OF SOUTHWEST FLORIDA, INC.**
Florida Bar No. 0938629
3838 Tamiami Trail North
Third Floor
Naples, Florida 34103
Telephone:  239-262-1001
Facsimile:  239-261-0057
Email:  j@whitelawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing is being provided to all Defendants herein, care of:

    Edward M. Livingston
    The Livingston Firm
    eml@thelivingstonfirm.com
    and bll@thelivingstonfirm.com
    963 Trail Terrace Drive
    Naples, Florida 34103-2329

on the date set forth in the electronic filing or the electronic transmission of same.

                                      /s/JENNIFER L. WHITELAW
                                      JENNIFER L. WHITELAW